JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-00075-RGK (JEMx) | Date | MAR 10 2014 |
|---|---|---|---|
| Title | TALIA HURST v. COLUMBIA SPORTSWEAR COMPANY, et al | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On December 5, 2013, Talia Hurst ("Plaintiff") filed a class action against Columbia Sportswear Company ("Defendant"). In her Complaint, Plaintiff asserts one claim under California Penal Code § 632.7 for alleged non-consensual recording of wireless telephone communications.

On January 3, 2014, Defendant removed the action to this Court alleging federal diversity jurisdiction under the Class Action Fairness Act ("CAFA"). Upon review of Defendant's Notice of Removal and supporting documents, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332(d)(2), district courts shall have original jurisdiction over any civil action in which (1) any member of the class of plaintiffs is a citizen of a state different from any defendant; and (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (citing *Lowdermilk*, 479 F.3d at 1000). Where the amount in controversy is unclear or ambiguous from the face of the complaint, the removing party must show that the requisite amount is met by a preponderance of the evidence. *Id.*

Plaintiff's Complaint alleges that "[t]he total amount in controversy does not exceed $5,000,000." (Compl., ¶ 19.) In its Notice of Removal, Defendant argues only that the Complaint alleges that the class members total at least in the "tens of thousands." Because California Penal Code §632.7 provides damages of $5,000 per violation, Defendant reasons that the amount in controversy must exceed $5,000,000. However, this argument is insufficient to show with either a legal certainty or by a

preponderance of the evidence that the jurisdictional amount in controversy has been met.

    In light of the foregoing, the Court hereby **remands** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                                                                                                                                                                            _____ : _____

Initials of Preparer   _____